UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.     Case No. 8:05-CR-17-T-27EAJ

**WILLIE BEE PARKS**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* "Motion to Compel for Specific Performance asking This Court to Compel the Government to file a Rule 35(b) Motion on my behalf for my Substantial Assistance, etc." (Dkt. 74) Upon consideration, Defendant's motion is DENIED.

Pursuant to a written plea agreement (Dkt. 45), Defendant Parks pleaded guilty to the Superseding Indictment which charged him with knowingly and willfully distributing fifty grams or more of a mixture or substance containing a detectable amount of crack cocaine. (Dkt. 40). Prior to sentencing, the Government filed a § 5K1.1 motion pursuant to Defendant's substantial assistance.[1] (Dkt. 53). On September 7, 2005, Defendant was sentenced to 300 months imprisonment to be followed by 10 years of supervised release. (Dkts. 54, 55).

On February 16, 2006, based on Defendant's substantial assistance, the Government filed another motion for reduction of Defendant's sentence pursuant to Rule 35(b), Fed. R. Crim. P. After conducting a hearing, the Court granted the Government's motion and awarded Defendant a five level reduction in his offense level and reduced his term of imprisonment from 300 months to 180 months. (Dkts. S-3, 70).

---

[1] The Government's § 5K1.1 motion requested a one level reduction in Defendant's offense level. At sentencing, the Court granted a two level reduction.

Defendant's plea agreement provided in pertinent part:

> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons . . . If additional cooperation is provided subsequent to sentencing, the government agrees to ***consider*** whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence . . . the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, ***if any, rests solely with the United States Attorney*** . . . and the defendant agrees that defendant cannot and ***will not challenge that determination whether by appeal, collateral attack, or otherwise.***

(Dkt. 45, pp. 4-5, ¶ 10)(*emphasis added*).

In its response to Defendant's motion the Government has demonstrated that it considered the information relied on by Defendant and determined that the information did not rise to the level of cooperation which qualified as "substantial assistance" warranting the filing of a ***second*** motion for reduction of sentence. Under the terms of the plea agreement, that decision is entirely the Government's prerogative and was agreed to as such by Defendant. (Dkt. 45)

To the extent that Defendant implies that the Government's decision not to file a second motion for reduction of sentence is based upon his race, Defendant's claim is without merit. The Government has already filed *two* motions for downward departure for Defendant's benefit. Mere claims of substantial assistance and generalized allegations of improper motive are not sufficient. Judicial review is appropriate only when "there is an allegation *and a substantial showing* that the prosecution refused to file a substantial assistance motion because of an constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) (emphasis added). A defendant who makes only generalized allegations of an improper motive is not entitled to a remedy or even to an evidentiary hearing. *Wade v. United States,* 504 U.S. 181, 185 (1992). Here, Defendant makes no substantial showing that there has been prosecutorial misconduct or that

there is an impermissible motive behind the refusal of the Government to file a *second* Rule 35 motion. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's *pro se* "Motion to Compel for Specific Performance asking This Court to Compel the Government to file a Rule 35(b) Motion on my behalf for my Substantial Assistance, etc." (Dkt. 74) is DENIED.

**DONE AND ORDERED** in chambers this 26th day of November, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant Willie B. Parks, *pro se*
A. Lee Bentley, III, AUSA